# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL MCBRIDE,<br><br>        Petitioner,<br><br>    v.<br><br>D. SHINN,<br><br>        Respondent. | Case No. 1:19-cv-00482-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS, DENY PETITIONER'S MOTION TO PROCEED TO MERITS, AND RECHARACTERIZE § 2241 PETITION AS § 2255 MOTION<br><br>(ECF Nos. 10, 23) |

      Petitioner Randall McBride is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner asserts that he is serving a term of imprisonment that is beyond what his sentence should reflect.

      Before the Court are Respondent's motion to dismiss and Petitioner's motion to proceed to the merits of the petition. As Petitioner has failed to satisfy the requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e), the undersigned recommends granting Respondent's motion to dismiss, denying Petitioner's motion to proceed to the merits, and recharacterizing the § 2241 petition as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.

///

///

1

# I.

# BACKGROUND

Petitioner pleaded guilty in the United States District Court for the Eastern District of California to being a felon in possession of a firearm, in violation of 18 U.S.C. § 822(g), and possessing an unregistered firearm, in violation of 21 U.S.C. § 5861(d). Judgment at 1, <u>United States v. McBride</u>, No. 1:14-cr-00233-DAD-BAM (E.D. Cal. Aug. 16, 2016), ECF No. 22.[1] On August 15, 2016, Petitioner was sentenced to "51 months on each of Counts 1 and 2, to be served CONCURRENTLY for a total term of 51 months, CONSECUTIVE to any undischarged term of imprisonment." <u>Id.</u> at 2.

On July 23, 2018, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Therein, Petitioner asserts the following claims for relief: (1) incarceration beyond his maximum term of imprisonment based on a failure to properly credit the time Petitioner served in state custody while his federal case was pending; and (2) ineffective assistance of trial counsel for failing to litigate the issue of pre-sentencing detention credit at Petitioner's sentencing hearing. This Court transferred the petition to the United States District Court for the Central District of California based on the erroneous premise that the petition challenged a conviction from San Bernardino County. (ECF No. 2).

On January 31, 2019, Respondent filed a motion to dismiss in the United States District Court for the Central District of California. (ECF No. 10). Therein, Respondent argues that the petition should be dismissed because: (1) Petitioner failed to exhaust his administrative remedies; (2) Petitioner's ineffective assistance of counsel claim should have been brought pursuant to 28 U.S.C. § 2255; and (3) a petition brought under § 2241 must be brought in the district of incarceration, which is the Eastern District of California. (ECF No. 10 at 26).[2] In response to the motion to dismiss, Petitioner filed a motion to transfer the case to the Eastern District. (ECF No. 14). On April 10, 2019, the United States District Court for the Central District of California ordered that the action be transferred to this Court. (ECF No. 15).

---

[1] The Court may take judicial notice of its own records in other cases. <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1    On May 16, 2019, Respondent gave notice that he will rely on the January 31st response
2 and motion to dismiss previously filed in the United States District Court for the Central District
3 of California. (ECF No. 22). On June 17, 2019, Petitioner moved the Court to proceed to the
4 merits of the petition. (ECF No. 23).

## II.

## DISCUSSION

### A. Exhaustion

In the motion to dismiss, Respondent argues that the petition should be dismissed because Petitioner has failed to exhaust administrative remedies. (ECF No. 10 at 10). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012) (citations omitted). The exhaustion requirement is subject to waiver in § 2241 proceedings if pursuing available remedies would be futile. Id.

Here, Petitioner did not file any formal administrative grievance regarding his sentence computation or release date, and thus, has failed to exhaust administrative remedies. Petitioner contends, however, that he "does not have to file an administrative remedy when to do so would be futile where the Bureau of Prisons has no judicial authority to correct the issue." (ECF No. 1 at 5; ECF No. 23 at 1).

In the petition, Petitioner argues that he is being incarcerated beyond his maximum term of imprisonment based on a failure to properly credit the time Petitioner served in state custody while his federal case was pending. Respondent has construed Petitioner's claim as arguing that *the BOP* failed to properly credit the time Petitioner served in state custody while his federal case was pending. (ECF No. 10 at 7). However, the federal sentencing court ordered that Petitioner's federal sentence be served consecutive to any undischarged term of imprisonment, and given that Petitioner contends exhausting administrative remedies would be futile because "the Bureau of Prisons has no judicial authority to correct the issue," the Court will construe Petitioner's claim as asserting that the sentencing court erred in ordering that Petitioner's federal sentence be served consecutive to any undischarged term of imprisonment. See Bernhardt v. Los Angeles

1  County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe *pro se* pleadings and
2  motions liberally).[3]

3  As the Court has construed the petition as asserting that the sentencing court, rather than
4  the BOP, erred, the Court finds that pursuing administrative remedies would be futile and
5  dismissal is not warranted for Petitioner's failure to exhaust.

**B. Jurisdiction Under 28 U.S.C. § 2241**

In addition to challenging the federal sentencing court's imposition of a consecutive sentence, Petitioner also asserts that trial counsel was ineffective for failing to raise the issue of pre-sentencing detention credit at the sentencing hearing. (ECF No. 1 at 15–21). Respondent argues that Petitioner's ineffective assistance of counsel claim attacks his sentence and § 2255 is the sole remedy for such a claim. (ECF No. 10 at 13).

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez v. Campbell, 204 F.3d 861, 864–65 (9th Cir. 2000). The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or

---

[3] Although Petitioner describes the alleged error as a failure to properly credit the time Petitioner served in state custody while his federal case was pending, the BOP is charged with crediting jail time against federal sentences, Reno v. Koray, 515 U.S. 50, 60 (1995), and in Petitioner's case the federal sentencing judge ordered that Petitioner's federal sentence be served consecutive to any undischarged term of imprisonment.

ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). With respect to the first requirement, in the Ninth Circuit a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Here, Petitioner challenges the federal sentencing court's imposition of a consecutive sentence and asserts that trial counsel was ineffective for failing to raise the issue of pre-sentencing detention credit at the sentencing hearing. Petitioner makes no claim of factual innocence. Nor does Petitioner demonstrate that he has not had an unobstructed procedural shot at presenting his claims. Accordingly, the Court finds that Petitioner has not satisfied the two requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, the motion to dismiss should be granted on this ground.

**C. Recharacterizing § 2241 Petition as § 2255 Motion**

As this Court is both the custodial and sentencing court, the Court may construe the instant petition as a § 2255 motion and resolve the motion. See Muth v. Fondren, 676 F.3d 815, 818 n.2 (9th Cir. 2012). However, courts have recognized that "by recharacterizing as a first § 2255 motion a *pro se* litigant's filing that did not previously bear that label, the court may make it significantly more difficult for that litigant to file another such motion." Castro v. United States, 540 U.S. 375, 382 (2003). See United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2000) (recognizing that "a district court's recharacterization could have a detrimental impact on

the prisoner"). Thus, the Supreme Court has held that the district courts' "recharacterization powers are limited in the following way:"

> The limitation applies when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion. In such circumstances the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

Castro, 540 U.S. at 383.

The undersigned recommends that the Court recharacterize Petitioner's § 2241 habeas petition as a motion pursuant to 28 U.S.C. § 2255. Petitioner is forewarned that § 2241 petitions and § 2255 motions differ in a variety of respects. For example, § 2255 motions are subject to restrictions on "second or successive" § 2255 motions and a one-year limitation period.

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section, in turn, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

"Under the statute of limitations applicable to a § 2255 motion challenging a federal conviction and sentence, 28 U.S.C. § 2255(f), a defendant has one year to file such a motion, measured from the latest of four possible dates." United States v. Blackstone, 903 F.3d 1020, 1024 (9th Cir. 2018), cert. denied, No. 18-9368, 2019 WL 2211790 (U.S. June 24, 2019). The

date relevant here is "the date on which the judgment of conviction becomes final," 28 U.S.C. § 2255(f)(1), which was in 2016.[4] If Petitioner cannot establish that equitable tolling is warranted, the motion is untimely.[5]

If Petitioner consents to the recharacterization of the current § 2241 petition as a § 2255 motion or elects to amend the motion so that contains all the § 2255 claims he believes he has, Petitioner should be prepared to show why the motion is not barred by the one-year statute of limitations.

Petitioner also may, at his option, voluntarily withdraw his petition without prejudice to refiling his claims as a § 2255 motion. However, Petitioner is forewarned that dismissal and refiling as a § 2255 motion still subjects Petitioner to a possible statute of limitations bar.

**D. Petitioner's Motion to Proceed to Merits**

The Court now turns to Petitioner's motion to proceed in addressing the merits of Petitioner's habeas petition. As set forth above, the undersigned finds that Petitioner has failed to satisfy the two requirements to bring a § 2241 habeas petition under the savings clause of § 2255(e) and recommends recharacterization of the § 2241 habeas petition to a motion pursuant to 28 U.S.C. § 2255. Further, it appears that a § 2255 motion may be barred by the one-year statute of limitations. Accordingly, the undersigned recommends denial of Petitioner's motion to proceed in addressing the merits of Petitioner's claims in light of the various jurisdictional and procedural obstacles noted above.

**III.**

**RECOMMENDATION**

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED;

2. Petitioner's motion to proceed in addressing the merits (ECF No. 23) be DENIED;

---

[4] As Petitioner did not file a direct appeal, his conviction became final when the time for filing a direct appeal expired. See United States v. Gilbert, 807 F.3d 1197, 1199 (9th Cir. 2015); Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days . . . of the entry of either the judgment or the order being appealed.").

[5] "A § 2255 movant is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. The movant must show that the extraordinary circumstances were the cause of his untimeliness." United States v. Buckles, 647 F.3d 883, 889 (9th Cir. 2011) (internal quotation marks and citations omitted).

3. The petition for writ of habeas corpus be recharacterized as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in <u>United States v. McBride</u>, No. 1:14-cr-00233-DAD-BAM; and

4. Petitioner be given the opportunity to withdraw the § 2255 motion or amend it so that it contains all the § 2255 claims he believes he has.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2019**  /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

8