1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RANDALL MCBRIDE,                        No. 1:19-cv-00482-DAD-EPG (HC)

12                     Plaintiff,

13            v.                              ORDER DISMISSING HABEAS ACTION,
                                              DIRECTING CLERK OF COURT TO CLOSE
14    D. SHINN,                               CASE, AND DECLINING TO ISSUE A
                                              CERTIFICATE OF APPEALABILITY
15                     Defendant.

16

17            On July 23, 2018, petitioner Randall McBride filed a federal habeas petition brought

18    pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Therein, petitioner challenged his 2016 conviction

19    and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),

20    and possessing an unregistered firearm, in violation of 26 U.S.C. § 5861(d).  On November 5,

21    2019, the court granted respondent's motion to dismiss the petition and ordered petitioner to

22    notify the court whether he wished to have his § 2241 petition construed as a motion to vacate, set

23    aside, or correct the sentence under 28 U.S.C. § 2255 or to voluntarily dismiss the instant action

24    without prejudice to refiling his clams in a motion brought pursuant to 28 U.S.C. § 2255.  (Doc.

25    No. 27 at 2.)

26            To date, petitioner has not filed any notification with the court, and the time provided for

27    doing so has passed.  Accordingly, the court will dismiss the instant habeas action without

28    prejudice to petitioner refiling his claims in a motion brought pursuant to 28 U.S.C. § 2255.

                                                    1

Having previously found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue.  *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA.") (citing *Porter v. Adams*, 244 F.3d 1006, 1006–07 (9th Cir. 2001)).  A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253.  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were '"adequate to deserve encouragement to proceed further."'"  *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).  In the present case, the court finds that reasonable jurists would not debate or disagree with the court's determination that the pending petition brought pursuant to 28 U.S.C. § 2241 is a disguised motion for relief under § 2255 that should be dismissed.  Nor would reasonable jurists find that petitioner should be allowed to proceed further.  The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The instant habeas action is dismissed without prejudice to petitioner refiling his claims in a motion brought pursuant to 28 U.S.C. § 2255;

2. The Clerk of the Court is directed to close the case; and

3. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  __**January 16, 2020**__                    _____

UNITED STATES DISTRICT JUDGE